25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 F.P. CORP., Plaintiff-Appellant,
v.
E.A. MILLER, INC., Defendant-Appellee.
 No. 93-4061.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, McWILLIAMS and BALDOCK, Circuit Judges.
 
 
 1
 Plaintiff F.P. Corp. appeals the district court's order granting summary judgment in favor of defendant E.A. Miller, Inc., in plaintiff's suit seeking collection of freight charges pursuant to 49 U.S.C. 10741, 10761, and 10762.
 
 
 2
 Plaintiff initiated this action to recover for undercharges for shipments it transported for defendant in interstate commerce. The case was referred to the Interstate Commerce Commission (ICC). The parties stipulated to the following facts: F.P. Corp., formerly a common carrier operating under ICC regulations, published its common carrier rates identifying the mileage guide published by Household Goods Carriers' Bureau (HGCB) as its tariff for mileage calculations. Plaintiff failed, however, to issue a power of attorney to HGCB; thus it was not a participant in the HGCB mileage guide for the period in question. The ICC determined that "F.P. Corp.'s mileage rate tariffs failed to provide the means for calculating freight charges and may not serve as the basis for the undercharges sought by [plaintiff]." Appellant's App. tab 22 at 42. The district court then granted summary judgment for defendant, and plaintiff appealed.
 
 
 3
 While this appeal was pending, the United States Supreme Court granted a writ of certiorari in a case presenting the precise issue before us. The Supreme Court has now issued its opinion in Security Serv., Inc. v. K Mart Corp., 62 U.S.L.W. 4329 (U.S. May 16, 1994), deciding that issue, holding that
 
 
 4
 [w]hen a carrier relies on a mileage guide filed by another carrier or agent, under ICC regulations the carrier must participate in the guide by maintaining a power of attorney; when a carrier fails to maintain its power of attorney and its participation is cancelled by its former agent's filing of an appropriate tariff, the carrier's tariff is void.
 
 
 5
 Id. at 4333. The Court concluded that the carrier "may not collect for undercharges based on filed, but void, rates." Id.
 
 
 6
 That determination controls the case before us and requires that we AFFIRM the district court's judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470